UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-04702-JHN -JCGx | Date | June 14, 2011 |
|---|---|---|---|
| Title | Beneficial Financial I Inc v. Mariano Pineda et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**Proceedings:** ORDER REMANDING CASE TO STATE COURT (In Chambers)

On June 2, 2011, Defendants Mariano Pineda and Leonila Pineda removed this action to federal court from the Superior Court of the State of California for the County of Los Angeles on the basis of federal question and diversity jurisdiction. However, for the reasons herein, the jurisdictional allegations are defective.

I. REMOVAL JURISDICTION

Under 28 U.S.C. § 1441, the Court has removal jurisdiction over civil actions "arising under" federal law pursuant to 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The only exception to this rule is where the plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a state claim preempted by federal law. *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987). Moreover, the assertion of a federal defense to a state-law claim does not convert the state-law claim into one "arising under" federal law for purposes of federal-question jurisdiction. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

The removing defendant bears the burden of proving, by a preponderance of the evidence, the facts supporting removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Here, Defendants fail to demonstrate the presence of a federal question. Although the Notice of Removal alleges that a claim in the present action arises under federal law (Notice of Removal ¶ 15), the Complaint's only cause of action is for unlawful detainer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-04702-JHN -JCGx | Date | June 14, 2011 |
|---|---|---|---|
| Title | Beneficial Financial I Inc v. Mariano Pineda et al | | |

(Notice of Removal, Ex. A, Compl. for Unlawful Detainer 1). No federal question is presented on the face of the Complaint, nor has a federal claim been disguised by artful pleading. That Defendants may intend to assert a federal defense to the state-law claim contained in the Complaint does not convert this straightforward unlawful detainer proceeding into a civil action arising under federal law.

Under 28 U.S.C. § 1332, the Court also has original jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Here, there is no allegation of diversity of citizenship, and the Complaint explicitly states that the amount demanded does *not* exceed $10,000. As such, there is also no diversity jurisdiction.

For these reasons, Defendants have not met their burden of establishing removal jurisdiction by a preponderance of the evidence.

II. CONCLUSION

**For these reasons, the Court REMANDS this case to the Superior Court of the State of California for the County of Los Angeles.**

IT IS SO ORDERED.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |